UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
ROY A WILDMAN,                                                     :
                          Plaintiff,                          :
:        25-CV-1387 (JMF)
            -v-                                                  :
:       <u>ORDER</u>
EXPERIAN,                                                          :
                          Defendant.                          :
:
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On February 25, 2025, Defendant filed a motion to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure. ECF No. 4. Under Rule 15(a)(1)(B), a plaintiff has twenty-one (21) days after the service of a motion under Rule 12(b) to amend the complaint once as a matter of course. Because Plaintiff is proceeding *pro se*, however, the Court will give Plaintiff additional time to amend the complaint.

       Accordingly, it is hereby ORDERED that Plaintiff shall file any amended complaint by **April 8, 2025.** If Plaintiff believes that the pleading of additional facts will cure deficiencies identified in the motion to dismiss, the Plaintiff should include those facts in the amended complaint.[1] Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss.

       If Plaintiff does amend, by three (3) weeks after the amended complaint is filed, Defendant shall: (1) file an answer; (2) file a new motion to dismiss; or (3) file a letter on ECF stating that it relies on the previously filed motion to dismiss. If Defendant files an answer or a new motion to dismiss, the Court will deny the previously filed motion to dismiss as moot.

       If no amended complaint is filed, Plaintiff shall serve any opposition to the motion to dismiss by **April 8, 2025**. Defendant's reply, if any, shall be served by **April 22, 2025**.

       Either party may request an extension of the briefing schedule for the motion. A deadline will be extended if the party demonstrates that its pursuit of the action has been diligent and that there is a good reason for extending the deadline.

---

[1]    If possible, Plaintiff shall file any amended complaint with a redline showing all differences between the original and revised filings, pursuant to Local Civil Rule 15.1, which is available at https://www.nysd.uscourts.gov/rules.

**All parties must familiarize themselves with the Court's Individual Rules and Practices in Civil *Pro Se* Cases, which are attached to this Order and available at https://nysd.uscourts.gov/judge/Furman.**

All counsel are required to register promptly as filing users on the Electronic Case Filing ("ECF") system and to familiarize themselves with the SDNY ECF Rules & Instructions, which are available at http://nysd.uscourts.gov/ecf_filing.php. *Pro se* parties are encouraged to consent to electronic service via ECF as it would ensure that the *pro se* party would receive documents in its case promptly by email instead of by regular mail. The consent form, along with instructions on how to fill it out, can be found at https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases. Unless and until a *pro se* party consents to receive electronic service, however, counsel are required to serve that *pro se* party with copies of documents filed with the Court and to file affidavits of such service with the Court thereafter.

Pursuant to the Court's Individual Rules and Practices in Civil *Pro Se* Cases, a copy of which is attached to this Order, all communications with the Court by a *pro se* party — including the aforementioned letter — should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to ProSe@nysd.uscourts.gov (for instructions, see https://www.nysd.uscourts.gov/prose); or (2) mailing the communication to the *Pro Se* Intake Unit, 500 Pearl Street, Room 205, New York, NY 10007.[2] No documents or court filings should be sent directly to Chambers. Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

There is a *Pro Se* Law Clinic in this District to assist parties in civil cases who do not have lawyers. The Clinic may be able to provide Plaintiff with advice in connection with this case. The *Pro Se* Law Clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). To receive limited-scope assistance from the clinic, Plaintiff should make an appointment by completing the CBJC's online intake form, located at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If this case has been settled or otherwise terminated, counsel and any *pro se* party are not required to submit such letters or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices in Civil *Pro Se* Cases, requests for an extension or adjournment made by counsel with access to ECF may be made only by letter-motion filed on ECF. Requests for an extension or an adjournment made by a *pro se*

---

[2]    In the alternative, the Court's Individual Rules and Practices provide instructions for delivering communications to the *Pro Se* Intake Unit by hand. Additionally, as noted in the Court's Individual Rules and Practices, a *pro se* party may move for leave to participate as an ECF filer; if granted leave, the *pro se* party can file documents on ECF.

party may be made by letter. All such requests must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel and any *pro se* party are notified that the conference has been adjourned, it will be held as scheduled.

Finally, the Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: February 26, 2025
   New York, New York          _____
                      JESSE M. FURMAN
                    United States District Judge

Revised: January 2, 2025

### INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES
### Jesse M. Furman, United States District Judge

***Pro Se* Office**
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 250
New York, NY 10007
(212) 805-0175
prose@nysd.uscourts.gov

**Unless otherwise ordered by the Court, these Individual Rules apply to all civil cases involving *pro se* litigants (that is, litigants without counsel) before Judge Furman.**

1. **Communications with Chambers**

   A. **Telephone Calls by a *Pro Se* Party.** *Pro se* parties may not call the Court directly; any questions should be directed to the *Pro Se* Office at (212) 805-0175.

   B. **Written Communications By a *Pro Se* Party.** All communications with the Court by a *pro se* party should be in writing and delivered in person, mailed, or emailed to the *Pro Se* Office following the instructions in Paragraph 2(B) below. **No documents or court filings may be sent directly to Chambers.** Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (*e.g.*, if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so. Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

   C. **Communications by Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Furman's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.

   D. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court as well as any other existing deadlines. Requests for extensions of deadlines regarding a matter that

has been referred to a Magistrate Judge shall be addressed to that assigned Magistrate Judge.

Absent an emergency, any request for extension or adjournment shall be made *at least 48 hours* prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

2. **Filing of Papers and Service**

    A. **Consent to Receive Electronic Service.** To ensure timely service of documents, including Court Orders, non-incarcerated *pro se* parties are encouraged to consent to receive electronic service through the ECF System. To do so, a *pro se* party should review the instructions available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf, and then submit a Consent to Electronic Service (available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf).

    B. **Papers Filed by a *Pro Se* Party.** A *pro se* party may file papers with the Court by:

        i. delivering them in person or mailing them to the *Pro Se* Office, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Room 250, New York, New York 10007;

        ii. emailing them as an attachment in PDF format to prose@nysd.uscourts.gov, in which case the *pro se* party should follow the instructions contained in the April 1, 2020 Addendum to the Court's ECF Rules & Instructions, available at https://www.nysd.uscourts.gov/electronic-case-filing; or

        iii. filing them on the ECF System if the *pro se* party has filed a motion to participate in ECF (available at http://nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases and in the *Pro Se* Office) and been granted such permission by the Court.

    C. **Service on a *Pro Se* Party.** Absent a *pro se* party consenting to receipt of electronic service, counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the *pro se* party was served will not be considered.

3. **Discovery**

   All requests for discovery by a *pro se* party should be sent to counsel for the party from whom discovery is sought. Discovery requests should not be sent to the Court.

   If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention. If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Paragraph 1 above, explaining the nature of the dispute and requesting an informal conference. If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed three pages.

4. **Motions**

   A. **Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

   B. **Memoranda of Law.** The formatting and length of motion papers must conform to Local Civil Rule 7.1 (or, in the case of a motion for reconsideration, Local Civil Rule 6.3). As set forth in Local Civil Rule 7.1(c): If filed by an attorney or prepared with a computer, briefs in support of and in response to a motion (except for motions for reconsideration) may not exceed 8,750 words, and reply briefs may not exceed 3,500 words; if filed by a party who is not represented by an attorney and handwritten or prepared with a typewriter, briefs in support of and in response to a motion may not exceed 25 pages, and reply briefs may not exceed 10 pages. These limits do not include the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but do include material contained in footnotes or endnotes. If a brief is filed by an attorney or prepared with a computer, it must include a certificate by the attorney, or party who is not represented by an attorney, that the document complies with the word-count limitations. The person preparing the certificate may rely on the word count of the word-processing program used to prepare the document. The certificate must state the number of words in the document.

   C. ***Pro Se* Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of whichever notices are required under Local Civil Rules 12.1 and 56.2.

   D. **Special Rule for Summary Judgment Motions.** With respect to any deposition that is supplied, whether in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

    E. **No Courtesy Copies.**  Unless the Court orders otherwise, parties should **not** submit courtesy hard copies of any submissions in *pro se* cases.

    F. **Oral Argument.**  Unless otherwise ordered by the Court, oral argument will not be heard in *pro se* matters.

5. **Initial Case Management Conference**

Absent a motion to dismiss, the Court will generally schedule an initial case management conference within four months of the filing of the complaint.  The Notice of Initial Pretrial Conference will be docketed on ECF and mailed to the *pro se* party or parties.  Unless and until the Court orders otherwise, the conference will be held remotely by telephone using the Court's dedicated conference line, which can be access by calling (855) 244-8681 and then entering Access Code 2303 019 3884, followed by the pound (#) key.  When prompted for an attendee ID number, press the pound key again.  If any party wishes for the conference to be conducted in person or by videoconference, he or she should confer with all other parties and promptly file a letter-motion to that effect with the Court.  The parties should consult the relevant scheduling order for additional information and guidance.

6. **Trial Documents**

    A. **Pretrial Statement.**  Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a *pro se* case shall file a concise, written Pretrial Statement.  This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial.  The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff.  If *pro se*, the plaintiff shall file an original of this Statement with the *Pro Se* Office.  Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

    B. **Other Pretrial Filings.**  If the case is to be tried before only a Judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement.  If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement.  At the time of filing, a represented party should e-mail these documents to the Court

(Furman_NYSDChambers@nysd.uscourts.gov), in both PDF and Microsoft Word formats. The *pro se* party may file such documents, but is not required to do so and need not submit them by e-mail.

7. ***Pro Se* Clinic**

There is a *Pro Se* Law Clinic in this District to assist parties in civil cases who do not have lawyers. The Clinic may be able to provide a *pro se* litigant with advice in connection with his or her case. The *Pro Se* Law Clinic is run by a private organization; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). To receive limited-scope assistance from the clinic, a *pro se* litigant should make an appointment by completing the online intake form, located at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. If a *pro se* litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the Clinic can be contacted by phone at (212) 382-4794 or email at fedprosdny@nycbar.org.